UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


UNITED STATES OF AMERICA

vs.                                                2:05-cr-2-FtM-29CM

DMAURIO WILLIAMS
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's pro se letter filed September 26, 2014 (Doc. #143), deemed to be a motion to receive credit for time served.

Defendant seeks to have the Court give him credit for time served in state custody, which would effectively render his federal sentence concurrent with his state sentence.  At the time of defendant's federal sentence, the Court specifically decided not to make a recommendation as to whether the federal sentence should be concurrent with the state sentence which was going to be imposed in the future.

This Court has no jurisdiction to give defendant credit for time served.  United States v. Wilson, 503 U.S. 329, 336 (1992); United States v. Lucas, 898 F.2d 1554, 1556 (11th Cir. 1990).  Only the Bureau of Prisons, as the designated agent of the Attorney General, has the authority to determine initially the amount of credit a federal prisoner should receive. Wilson, 503 U.S. at 335-

36; <u>Lucas</u>, 898 F.2d at 1556. A federal inmate who disagrees with the calculation of the Bureau of Prisons must exhaust all administrative remedies and then may file a petition in federal court pursuant to 28 U.S.C. § 2241 naming the warden as defendant. <u>E.g.</u>, <u>Rodriquez v. Lamer</u>, 60 F.3d 745, 747 (11th Cir. 1995). Accordingly, the letter motion is due to be denied without prejudice to filing an appropriate petition pursuant to 28 U.S.C. § 2241 in the district of incarceration <u>if</u> defendant has exhausted his administrative remedies.

Accordingly, it is now

**ORDERED**:

Defendant's letter motion (Doc. #143) is **DISMISSED** without prejudice.

**DONE AND ORDERED** at Fort Myers, Florida, this __14th__ day of October, 2014.

*/s/ John E. Steele*
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record
Dmaurio Williams